Joseph Delfin **RODRIGUEZ**, Petitioner—Appellant,

v.

**R.A. CASTRO**, Respondent—Appellee.

No. 04–15060.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Nov. 17, 2004.

**866**

Joyce L. Leavitt, FPDCA—Federal Public Defender's Office, Oakland, CA, for Petitioner–Appellant.

Peggy S. Ruffra, Esq., Dorian Jung, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: B. FLETCHER, THOMAS, and BEA, Circuit Judges.

### MEMORANDUM *

Petitioner–Appellant Joseph Delfin Rodriguez appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rodriguez argues that he was denied his right to self-representation in violation of *Faretta v. California*, 422 U.S. 806, 95

S.Ct. 2525, 45 L.Ed.2d 562 (1975), and that the district court therefore erred in denying his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm. Because the parties are familiar with the facts and procedural history, we do not recite them in detail here.

We review a district court's decision to deny a petition for a writ of habeas corpus *de novo* and its findings of fact for clear error. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir.2004). Further, because Rodriguez filed his petition for a writ of habeas corpus after the Anti–Terrorism and Effective Death Penalty Act's ("AEDPA") effective date of April 24, 1996, its provisions apply. Pursuant to AEDPA, a petition for a writ of habeas corpus shall not be granted unless the state court's decision on the issue in question was based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), or was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Rodriguez first argues that in denying his motion to represent himself, the trial court improperly relied on its perception that Rodriguez was mentally incompetent without conducting a hearing and that he was untrained in the law and ill-prepared for court. Rodriguez asserts that none of these findings are appropriate factors to consider in denying one's right to self-representation. He also challenges the trial court's ultimate reliance on his accent as making him unintelligible.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Under AEDPA, we review the "last reasoned decision" by a state court. *Robinson*, 360 F.3d at 1055 (internal quotation marks omitted). Here, that is the decision of the California Court of Appeal. In reviewing the trial court's decision, the Court of Appeal did take note of Rodriguez's "rambling statements about unrelated matters," "inappropriate motions" and possible "mental competency," characterizing them as circumstances under which the trial court could have found that Rodriguez's "inability to communicate intelligibly rendered defendant incapable of representing himself and abiding by the rules of procedure and courtroom protocol." Nevertheless, in affirming Rodriguez's conviction, the Court of Appeal ultimately relied solely upon Rodriguez's inability to make himself understood:

> [T]he right of self-representation could be denied if the accused is *unable* to abide by rules of procedure and courtroom protocol.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> Whatever the precise parameters of this limitation may be, we find that it justifies the revocation of pro per status *where, as here, the court, court reporter, prosecutor, and a jury would often be unable to understand the defendant at trial* without the assistance of an interpreter and the defendant refuses to accept one.

(Citations omitted; emphasis in second paragraph added).

■ Rodriguez argues in the alternative that the Court of Appeal's finding that he was unable to make himself understood was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" and, thus, grounds for issuing a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(2). Specifically, Rodriguez relies on the facts that the trial court judge vacillated as to whether Rodriguez should have been permitted to represent himself, that the trial court reporter was able to make a record, and that the district court found that Rodriguez was able to make himself understood "usually." However, the record is replete with instances in which either the trial court judge or court reporter had to interject to clarify what Rodriguez was saying. Further, the trial court judge, who conversed with Rodriguez, stated on at least nine occasions that she recognized Rodriguez's inability to make himself understood. The Court of Appeal's finding was not an "unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2).

Rodriguez also argues that the Court of Appeal's conclusion that Rodriguez's inability to make himself understood rendered him unable to abide by rules of procedure and courtroom protocol and, thus, not entitled to represent himself was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Therefore, Rodriguez argues, there are grounds for issuing a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1). Specifically, Rodriguez relies upon the fact that he did not attempt to disrupt the courtroom proceedings.

"[A]n accused has a Sixth Amendment right to conduct his own defense, provided only that he knowingly and intelligently forgoes his right to counsel and *that he is able and willing to abide by rules of procedure and courtroom protocol.*" *McKaskle v. Wiggins*, 465 U.S. 168, 173, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (emphasis added). Relying on *McKaskle*, we held in *Savage v. Estelle* that a trial court may deny a criminal defendant's motion to represent himself where a "severe speech impediment renders him unable to articulate his own defense." 924 F.2d 1459, 1460 (9th Cir.1991). We stated that "[c]ommu-

nicating with the factfinder (here, a jury) is the essence of a trial" and that the defendant's stutter therefore "rendered him unable to abide by the rules of courtroom procedure." *Id.* at 1464.

*Savage* applies here. Rodriguez often could not make himself understood, requiring the trial court judge and court reporter to interrupt him to attempt to ascertain his meaning.[1] Nor can Rodriguez distinguish *Savage* on the grounds that the defendant there had a *physical* impediment. Rodriguez has presented no evidence that his accent is any less an impediment than was Savage's stutter or that it is any more likely to improve during the course of the proceedings; there is no reason to believe it would. *See id.* (noting that the severity of Savage's stutter depended in part on environmental factors such as "tension"). The Court of Appeal's "application of[ ] clearly established Federal law, as determined by the Supreme Court of the United States" was not "objectively unreasonable." *See Williams v. Taylor*, 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Finally, at oral argument, Rodriguez advanced the argument that even assuming all of the above to be correct, the trial court was obliged to inform Rodriguez that it would deny his motion to represent himself unless he agreed to use an interpreter. Rodriguez points to no "clearly established Federal law" in support of this proposition. In any case, the trial court suggested that Rodriguez use an interpreter on at least two occasions; it warned Rodriguez that it would appoint counsel if it could not understand him.

Accordingly, the district court's denial of Rodriguez's petition for a writ of habeas corpus is AFFIRMED.

1. Despite Savage's stutter, the transcript in that case suggests that the court reporter could understand him. *Savage*, 924 F.2d at 1467–68.

Rodriguez's motion to amend the case caption is DENIED.